# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**JUDGMENT IN A CRIMINAL CASE**

UNITED STATES OF AMERICA

v.                                                 2005 MAY 10    **CASE NO. 3:03CR00198(RNC)**

**Lerbie Sanchez a/k/a John Doe I a/k/a** David          **H. Gordon Hall** , Assistant U.S. Attorney
**171 Fort Washington**
**Manhattan, NY 10007-1312**

**Peter J. Schaffer**, Defendant's Attorney

The defendant waived indictment and pled guilty to count **one** of a substitute information, after a plea of not guilty to counts one and six of an indictment.  Accordingly, the defendant is adjudged guilty of count **one,** which involves the following offense:

Title & Section: **21 U.S.C. § 846**                          Count: **one**
Nature of Offense: **Conspiracy to Distribute 100 Grams or More of Heroin**
Date Offense Concluded: **7/23/2003**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984 based on information provided to the Court, in camera, pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of **sixty (60) months.**  The Court recommends to the Bureau of Prisons that defendant receive credit for time spent in custody since the date of his arrest on July 23, 2003.  Upon release from custody, the defendant shall be on supervised release for a term of **five (5) years** with the following special condition: if deported, the defendant shall not reenter the United States without obtaining advance written permission from the United States Attorney General and without giving advance written notice to the United States Attorney's Office in Connecticut and the United States Probation Office in Connecticut.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Counts one and six of the indictment in case 3:03CR00198(RNC) and count two of the indictment in case 3:03CR00229(RNC) are dismissed on the oral motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00,** for count **one** which shall be due **immediately.**

**May 6, 2005**
Date of Imposition of Sentence

Robert N. Chatigny, Chief United States District Judge
Date: **May 9, 2005**

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk

BY: _____
    Deputy Clerk

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1)  The defendant shall not commit another federal, state, or local crime;
2)  The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3)  The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4)  The defendant shall not leave the judicial district without the permission of the court or probation officer;
5)  The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6)  The defendant shall support his or her dependents and meet other family responsibilities;
7)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8)  The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9)  The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

---------------------------------------------------------------------------------------------------------------------

### RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

John F. Bardelli
 United States Marshal


By:_____
Deputy Marshal